IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00198-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     **KBM GROUP, LLC,**

    Defendant.

---

**JOINT NOTICE OF AGREEMENT AND MOTION FOR DEFERRAL OF PROSECUTION**

---

    The United States of America, through undersigned counsel, and defendant KBM Group, LLC ("KBM"), through its undersigned counsel, jointly move the Court for entry of an order deferring for 30 months all proceedings in this case, and excluding for 30 months the time within which any trial must be commenced upon the charge contained in the Information filed against the defendant. The parties make this request consistent with their negotiated Deferred Prosecution Agreement (the "Agreement," which is attached as Exhibit 1) and pursuant to Title 18, United States Code, Section 3161(h)(2) of the Speedy Trial Act. Contemporaneous with this motion, the United States has also filed for the Court's consideration a Motion for Alternative Victim Notification.

<u>Legal Background</u>

    A deferred prosecution agreement (DPA) is an agreement between the government and a defendant, in which the defendant is criminally charged, accepts and acknowledges responsibility for its actions, and agrees to undertake and complete certain obligations imposed by the government, such as payment of monetary penalties,

1

remediation, compliance, and cooperation with the government's ongoing investigation. *See, e.g.*, *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 129 (2d Cir. 2017). In turn, the government agrees to recommend to the court that any prosecution of the defendant on the filed criminal charge be deferred and eventually dismissed if the defendant fully complies with its obligations. *Id.* If the government later determines that the defendant has breached a DPA, the government may pursue prosecution. *Id.*

The parties to a DPA typically recommend deferral of prosecution of a filed Information through a joint motion to defer the prosecution for the duration of the agreement. Several recent examples include motions filed in the following cases: Joint Mot. for Ord. Deferring Further Proceedings and Excluding Time Pursuant to Speedy Trial Act, ECF No. 24, *United States v. Mizrahi-Tefahot Bank, LTD., et al.*, No. 2:19-cr-150 (C.D. Cal. Mar. 19, 2019); Mot. for Deferral of Prosecution, ECF No. 4, *United States v. Tower Research Capital LLC*, No. 4:19-cr-00819 (S.D. Tex. Nov. 6, 2019); Joint Mot. for Deferral of Prosecution, ECF No. 5, *United States v. Heritage Pharm. Inc.*, No. 2:19-cr-00316 (E.D. Pa. June 11, 2019); Joint Mot. for Approval of Deferred Prosecution Agreement and Exclusion of Time Under the Speedy Trial Act*,* ECF No. 3, *United States v. Lumber Liquidators Holdings, Inc.*, No. 3:19-cr-00052 (E.D. Va. Mar. 12, 2019). Although variously captioned, these motions all request that the respective courts extend the time for trial under the Speedy Trial Act and suspend all proceedings until the relevant DPA term expires.

Although there are few published cases examining the federal judiciary's role in approving DPAs, appellate precedents agree that the courts' specific role is to consider whether the request for a Speedy Trial Act extension and deferral of proceedings is for

the purpose of allowing the defendant to exhibit good conduct.  *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 129 (2d Cir. 2017) ("Absent unusual circumstances not present here, a district court's role vis-à-vis a DPA is limited to arraigning the defendant, granting a speedy trial waiver if the DPA does not represent an improper attempt to circumvent the speedy trial clock, and adjudicating motions or disputes as they arise."); *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 740-747 (D.C. Cir. 2016) (noting the district court's decision, which was reversed, was the "first time any federal court ha[d] denied a joint request by the parties to exclude time pursuant to a DPA").

The Speedy Trial Act excludes any time where "prosecution is deferred by the attorney for the Government pursuant to written agreement with the defendant, with the approval of the court, for the purpose of allowing the defendant to demonstrate his good conduct."  18 U.S.C. 3161(h)(2).  The statutory language ties the "approval of the court" to the purpose of demonstrating good conduct.  *See Fokker Servs. B.V.*, 818 F.3d at 741.  The court's limited role in this context is consistent with the broad discretion prosecutors have to determine whether and when to pursue criminal proceedings.[1]  *See e.g.*, *United States v. Batchelder*, 442 U.S. 114, 124 (1979).

A DPA requiring a defendant to cooperate, remediate, and implement compliance measures meets the standard for a Speedy Trial Act time exclusion, *see HSBC Bank*, 863 F.3d at 130; *accord United States v. Clem*, 422 F. Supp. 3d 1105, 1116 (N.D.W. Va. 2019), and a court may deny a request to exclude time only if it finds the underlying DPA contains illegal or unethical provisions.  *See Fokker Servs. B.V.*,

---

[1] As the Supreme Court has stated, "[s]uch factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake."  *Wayte v. United States*, 470 U.S. 598, 607 (1985).

818 F.3d at 747 (citing *United States v. Saena Tech Corp.*, 140 F. Supp. 3d 11, 30 (D.D.C. Oct. 21, 2015)); *HSBC Bank,* No. 12-CR-763, 2013 WL 3306161, at *7 (E.D.N.Y. July 1, 2013) (*rev'd United States v. HSBC Bank USA, N.A.*, 863 F.3d 125 (2d Cir. 2017)); *see also Clem*, 422 F. Supp. 3d at 1116.  In conducting this analysis, "'[t]he presumption of regularity supports' . . . prosecutorial decisions and, 'in the absence of clear evidence to the contrary, courts presume that [recommending prosecutors] have properly discharged their official duties.'"  *United States v. Armstrong,* 517 U.S. 456, 464 (1996) (quoting *United States v. Chem. Found., Inc.,* 272 U.S. 1, 14–15 (1926)).

Argument

The Agreement, *see* Exhibit 1, entered into between the United States and KBM on June 11, 2021, sets forth robust terms that will allow KBM to demonstrate its good conduct over the 30-month term of the Agreement.  The Agreement was reached following a years-long investigation in which KBM cooperated, and it contains both a meaningful admission of facts and requirements that KBM continue to cooperate, remediate, and implement appropriate compliance measures.  As a result, the Agreement amply satisfies the requirements sufficient to support the parties' joint request to defer proceedings and exclude time under the Speedy Trial Act for the duration of the Agreement's term.

In particular, the Agreement requires KBM to admit relevant facts and accept responsibility through a statement of facts to which both KBM and the United States have agreed.  That statement of facts acknowledges the conduct giving rise to this case.  Exhibit 1 (Agreement), Attch. B. This Court recently approved a similar

agreement between the government and Epsilon Data Management LLC. *See United States v. Epsilon Data Management*, No. 21-cr-00006-RM, ECF #2, 11 (D. Colo. 2021).

The Agreement also notably requires KBM, *inter alia*, to implement a corporate compliance program, report on its compliance to the government, cooperate with ongoing government investigations, and pay victim compensation and penalties totaling $42,000,000.  Agreement ¶¶ 3, 5, 7, 21–23.  The victim compensation amount will be administered by a third-party claim administrator, which will report directly to the United States, and for which KBM will bear the costs of administration.  *Id.* ¶ 14.  Through this arrangement—and based on significant information analysis performed by KBM and the United States—many victims of mass-mailing fraud schemes to which KBM licensed data should receive compensation.  Because many of those victims are of advanced age, the timely provision of compensation under the arrangement is especially significant.

In consideration of KBM's commitments under the Agreement, the United States agrees to defer prosecution for 30 months and to dismiss the criminal charge with prejudice at the end of the term, assuming KBM has not breached the Agreement.  *Id.* ¶ 3.  The United States retains sole discretion to determine whether KBM has breached the Agreement, including whether to prosecute or to impose stipulated damages of $10,000 per day for compliance implementation failures.  *Id.* ¶¶ 26–30.  Collectively, these and other terms of the Agreement will allow for KBM to demonstrate its good conduct over the term of the Agreement, with significant consequences for a failure to do so.

Wherefore, for the reasons stated herein, the parties jointly request that the Court:

(1) Order that 30 months from the date of this Motion be excluded from the Speedy Trial Act to allow the defendant the opportunity to fulfill its obligations under the Agreement;

(2) Stay all proceedings and deadlines for 30 months from the date of this Motion; and

(3) Order that the parties file a status report no later than 30 days prior to the conclusion of the Agreement, along with any additional reports requested by the Court.

The parties further note they are not seeking a hearing on this matter but are available at the Court's convenience should the Court determine that a hearing is necessary.

Respectfully submitted this 14th day of June, 2021.

KBM GROUP, LLC

By: __/s/ Christopher Davies_____
Christopher Davies
April M. Elliott
Joss Berteaud
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave. NW
Washington, D.C., 20006
(202) 663-6187
Christopher.Davies@wilmerhale.com
Attorneys for Defendant

MATTHEW T. KIRSCH
United States Attorney

By: __/s/ Rebecca Weber_____
Rebecca Weber
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
(303) 454-0332
Rebecca.Weber@usdoj.gov
Attorney for the United States

GUSTAV W. EYLER
Director

JOHN BURKE
Assistant Director
Consumer Protection Branch
U.S. Department of Justice

By: _/s/ J. Matt Williams_____
J. Matt Williams
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
450 5th Street, NW, Suite 6400
Washington, DC 20530
(202) 532-4521
Joseph.M.Williams@usdoj.gov
Attorney for the United States

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 14, 2021, I electronically filed the foregoing **JOINT NOTICE OF AGREEMENT AND MOTION FOR DEFERRAL OF PROSECUTION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

                                      */s/ Rebecca Weber*
                                      REBECCA WEBER
                                      Assistant United States Attorney